# UNITED STATES DISTRICT COURT

for the

Northern District of New York

ROBERT MARSHALL FREEMAN )
*Plaintiff* )
v. )
)
SYRACUSE TIME & ALARM CO., )
INC. )
*Defendant,* )

Civil Action No. 5:21-cv-0874 (LEK/ATB)

## VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, Syracuse Time and Alarm Co., Inc., ("Defendant" and/or "STA"), by its

attorneys, Cohen Compagni Beckman Appler & Knoll, PLLC, answers Plaintiff's Complaint as follows:

### NATURE OF THIS ACTION

Defendant specifically denies this introductory paragraph of Plaintiff's Complaint that's

entitled the nature of this action.

1.   Defendant specifically submits that Paragraph "1" of Plaintiff's Complaint is a

statement of law rather than factual allegations calling for an admission or denial, but to the

extent it contains allegations to which a response is required, Defendant DENIES any such

allegations.

2.   Defendant specifically submits that Paragraph "2" of Plaintiff's Complaint is a

statement of law rather than factual allegations calling for an admission or denial, but to the

extent it contains allegations to which a response is required, Defendant DENIES any such

allegations.

3.   Defendant specifically submits that Paragraph "3" of Plaintiff's Complaint is a

statement of law rather than factual allegations calling for an admission or denial, but to the

extent it contains allegations to which a response is required, Defendant DENIES any such

allegations.

4.   Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Complaint.

5.   Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "5" of Plaintiff's Complaint.  To the extent that the allegations refer to external documents, Defendant asserts that such documents speak for themselves.

6.   Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's Complaint, except Defendant ADMITS that Plaintiff commenced part-time employment with Defendant in April, 2018 and became a full time employee until his resignation in May, 2019.

7.   Defendant ADMITS the allegations contained in Paragraph "7" of Plaintiff's Complaint.

8.   Defendant specifically submits that Paragraph "8" of Plaintiff's Complaint is a statement of law rather than factual allegations calling for an admission or denial, but to the extent it contains allegations to which a response is required, Defendant DENIES any such allegations.

9.   Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Complaint, except Defendant ADMITS that Exhibit B is a probable cause determination dated July 27, 2020 after a one-party conference that failed to allow Defendant to produce evidence and/or testimony and/or give the Defendant the opportunity to present a defense to this meritless claim.  Further, to the extent that the allegations refer to outside documents, Defendant asserts that the document speaks for itself and denies the probative value and admissibility of said document.

10. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Complaint, except Defendant

ADMITS that Plaintiff started part-time employment with Defendant in April, 2018.

11. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Complaint.

12. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "12" of Plaintiff's Complaint.

13. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Complaint.

14. Defendant DENIES the allegations contained in Paragraph "14" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

15. Defendant DENIES the allegations contained in Paragraph "15" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

16. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "16" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

17. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "17" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

18. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "18" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

19. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief

as to the allegations contained in Paragraph "19" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

20. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "20" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

21. Defendant DENIES the allegations contained in Paragraph "21" of Plaintiff's Complaint.

22. Defendant DENIES the allegations contained in Paragraph "22" of Plaintiff's Complaint.

23. Defendant DENIES the allegations contained in Paragraph "23" of Plaintiff's Complaint.

24. Defendant DENIES the allegations contained in Paragraph "24" of Plaintiff's Complaint.

25. Defendant DENIES the allegations contained in Paragraph "25" of Plaintiff's Complaint.

26. Defendant DENIES the allegations contained in Paragraph "26" of Plaintiff's Complaint.

27. Defendant DENIES the allegations contained in Paragraph "27" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

28. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "28" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

29. Defendant DENIES the allegations contained in Paragraph "29" of Plaintiff's Complaint.

30. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "30" of Plaintiff's Complaint.

31. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "31" of Plaintiff's Complaint.

32. Defendant DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations contained in Paragraph "32" of Plaintiff's Complaint.

33. Defendant DENIES the allegations contained in Paragraph "33" of Plaintiff's Complaint.

34. Defendant DENIES constructive discharge as alleged in Paragraph "34" of Plaintiff's Complaint, but states that Plaintiff requested transfer to a different department or position but there were no other available positions at Defendant at that time that Plaintiff was qualified for.

35. Defendant DENIES the allegations contained in Paragraph "35" of Plaintiff's Complaint.

36. Defendant DENIES the allegations contained in Paragraph "36" of Plaintiff's Complaint and further, to the extent that the allegations are directed at an unnamed party, DENIES same.

37. Defendant DENIES the allegations contained in Paragraph "37" of Plaintiff's Complaint, except ADMITS that Plaintiff asked for his job back indicating that he was willing to continue working with Christopher McAlpin, thereby admitting there was no hostile work environment at Defendant's place of business.

38. Defendant DENIES the allegations contained in Paragraph "38" of Plaintiff's

Complaint.

39. Defendant DENIES the allegations contained in Paragraph "39" of Plaintiff's Complaint.

40. Defendant DENIES the allegations contained in Paragraph "40" of Plaintiff's Complaint, except ADMIT that Plaintiff, after training was completed, was qualified for the position he held at Defendant.

41. Defendant DENIES the allegations contained in Paragraph "41" of Plaintiff's Complaint.

42. Defendant DENIES the allegations contained in Paragraph "42" of Plaintiff's Complaint.

43. Defendant DENIES the allegations contained in Paragraph "43" of Plaintiff's Complaint.

44. **COUNT I & II:** Defendant DENIES the allegations contained in Paragraph "COUNT I & II" of Plaintiff's Complaint.

45. **COUNT III & IV:** Defendant DENIES the allegations contained in Paragraph "COUNT III & IV" of Plaintiff's Complaint.

46. **COUNT VII, VIII, IX:** Defendant DENIES the allegations contained in Paragraph "COUNT VII, VIII, IX" of Plaintiff's Complaint.

Defendant DENIES all allegations that have not previously been specifically addressed or answered.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

47. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred by failure to exhaust administrative and/or arbitral remedies.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

49. Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims against this Defendant are barred because Plaintiff's supervisor, Christopher McAlpin, acted outside the scope of his employment.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred because this is not a workplace harassment dispute but a personal dispute between Plaintiff and Christopher McAlpin.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

52. Plaintiff unreasonably failed to take advantage of any preventative measures.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

53. Defendant did not terminate Plaintiff, Plaintiff resigned from his position.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

54. Defendant did not create a hostile work environment and/or discriminate and/or retaliate against Plaintiff.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

55. Defendant cannot be held liable for Plaintiff's allegations against Christopher McAlpin, where the complained of conduct did not involve his position at Syracuse Time and

Alarm, Co., Inc. and/or took place outside the workplace and any behavior and/or submission to Christopher McAlpin was not made a term or condition of Plaintiff's employment.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred because he has not suffered any damages.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claim for age discrimination is barred because he is under the age of 40.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff's claim for age discrimination is barred based on the same-actor doctrine.

### AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims for retaliation are barred because he did not engage in a protected activity.

Wherefore, Defendant, STA, respectfully request that Plaintiff's claims be denied and that Plaintiff's Complaint be dismissed in its entirety as against Defendant, STA, together with costs and disbursements of this action, attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: Syracuse, New York
      September ___30___, 2021

                       **COHEN COMPAGNI BECKMAN**
                       **APPLER & KNOLL, PLLC**

                       By: _____
                       Bar No. 501267
                       Laura L. Spring, Esq.
                       Attorneys for Defendant
                       Office and Post Office Address
                       507 Plum Street, Suite 310
                       Syracuse, New York 13204
                       Telephone: (315) 477-6293
                       Fax: (315) 425-3693

To:    JAMES D. HARTT, ESQ.
Bar No. 516129
Attorney for Plaintiff
6 N. Main Street, Suite 200-F
Fairport, New York 14450
Telephone: (585) 490-7100
Fax: (716) 299-2006

## VERIFICATION

STATE OF NEW YORK        )
COUNTY OF _Onondaga_    ) ss.:

        WILLIAM P. DIBBLE, JR., being duly sworn, deposes and says that deponent is President of

Defendant, Syracuse Time & Alarm Co., Inc., in the within action; that deponent has read the Answer

With Affirmative Defenses herein and knows the contents thereof; that the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to

those matters deponent believes them to be true.

                                                 WILLIAM P. DIBBLE, JR.

Sworn to before me this
_30th_ day of September, 2021.

_____
Notary Public

LAURA L. SPRING
Notary Public, State of New York
Qualified in Onondaga County, No. 02SP4888675
Commission Expires March 16, 2023