# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Robert Marshall Freeman

No. **5:21-CV-0874 LEK/ATB**

VS

**Syracuse Time & Alarm Co., Inc.**

---

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **November 1, 2021, at 11:00 AM.** All conferences will be conducted by telephone unless the parties are specifically directed to appear. Counsel for the plaintiff is directed to coordinate the initial conference call. Once all parties are on the conference line, Judge Baxter's chambers can be reached at 315-234-8600.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before February 28, 2022.

2) **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before February 28, 2022.

3) **DISCOVERY:** All discovery in this action shall be completed on or before July 29, 2022. **(Discovery time table is to be based on the complexity of the action)**

4) **MOTIONS:** All motions, including discovery motions, shall be made on or before the 30th day of September, 2022. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) EXPERT WITNESS DISCLOSURE:** Plaintiff's Expert Witness disclosure shall be exchanged on or before April 29, 2022 (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before June 15, 2022 (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before June 29, 2022 (at least 30 days before the close of discovery).

**6) MANDATORY MEDIATION:** A stipulation selecting mediator must be filed on or before December 1, 2021. Mediation must be completed on or before January 30, 2022.

**7) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before November 1, 2022. It is anticipated that the trial will take approximately 5 days to complete. The parties request that the trial be held in Syracuse, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**8) HAVE THE PARTIES FILED A JURY DEMAND:** __X__ (YES) / _____ (NO).

**9) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
Yes / Yes

**10) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Defendant: The Plaintiff voluntarily resigned his position. Any allegations were outside the scope of his employment; Same-actor defense; Plaintiff is under 40; Plaintiff failed to take advantage of any preventative measures and other affirmative defenses.
Plaintiff: This is a sexual harassment/hostile work environment and retaliation case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII").

**11) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
Defendant: Defendant denies that they discriminated against the Plaintiff and denies that they retaliated against the Plaintiff.
Plaintiff: Whether Defendant Syracuse Time & Alarm Co., Inc. failed to adequately intervene to protect Plaintiff from severe and ongoing sexual harassment in the workplace, and is also vicariously responsible for the sexual harassment that occurred.

**12) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
Defendant states it is premature at this time to answer this question. Plaintiff agrees with Defendant.

**13) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
Defendant seeks dismissal of claims. Plaintiff seeks backpay, compensation for emotional distress, fees and costs, and punitive damages, as well as certain injunctive relief referenced in the Complaint, including enjoining Defendant from sexually harassing and/or abusing employees or from retaliating against employees who lawfully oppose such conduct in the workplace, and to Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, which policies eradicate the effects of its past and present unlawful employment practices, including the eradication of hostile work environments and discriminatory harassment and retaliation in the workplace.

## 14) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:
All subjects raised in Plaintiff's Complaint.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
The parties anticipate conducting discovery through written interrogatories and document requests first, followed by depositions.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
The parties anticipate issuing interrogatories and document requests. The parties do not anticipate exceeding the required number of interrogatories set forth in the FRCP.

### E. Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
Defendant anticipates deposing Plaintiff and possible non-party witnesses.

### F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).
Unknown if experts will be called.

### G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
The parties agree that all ESI must be produced in the native file and all meta-data intact.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26©), describe the basis for the request and nature of the proposed protective order.
Unknown at this time.

### I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
Unknown at this time.

**15) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**
Unknown at this time.

**16) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**
No

**17) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**
N/A

**18) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)→ → → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO Completion of Depositions.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
Unknown at this time.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 19 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.***

**19) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

A. Reviewed General Order #47?     YES

B. Reviewed the List of Court Approved Mediators available on the NDNY website?     YES

C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?     YES

D. Discussed the time frame needed to complete Mandatory Mediation?     YES

*******************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on October 21, 2021 at ____by email____ and was attended by:
                                                        (Date)              (Place)
James Hartt, Esq _____ for plaintiff(s)

Laura L. Spring, Esq. _____ for defendant(s) Syracuse Time and Alarm Co., Inc. _____
                                                                                                  (party name)
_____ for defendant(s) _____
                                                                                                  (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***